UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERBERT SMITH (#379859)                             CIVIL ACTION

VERSUS

JAMES LEBLANC, WARDEN, ET AL.                NO. 07-0639-A-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 18th day of April, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERBERT SMITH (#379859)                              CIVIL ACTION

VERSUS

JAMES LEBLANC, WARDEN, ET AL.                        NO. 07-0639-A-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, filed this action pursuant to 42 U.S.C. § 1983 against Warden James LeBlanc, Ass't. Warden Lane Thomas, Col. John Bell, Major Lola Powers and Msgt. Paula Grimes, alleging that the defendants violated his constitutional rights in March, 2007, by mishandling his legal mail, thereby obstructing his access to the courts under the First and Fourteenth Amendments.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff alleges that, on March 22, 2007, he placed an article of legal mail into the

institutional mailing system at DCI, addressed to the Clerk of Court for the United States District Court for the Eastern District of Louisiana. According to the plaintiff, this mail, which consisted of an objection to a Magistrate Judge's Report and Recommendation which had apparently recommended dismissal of the plaintiff's pending habeas corpus proceeding in the Eastern District Court, apparently did not reach its destination in a timely manner. As a result, the plaintiff's application for a writ of habeas corpus was dismissed by Order entered on March 28, 2007. The plaintiff prays for monetary damages resulting from the defendants' alleged wrongful conduct and for an Order compelling the defendants to notify the Eastern District Court of the defendants' actions and to explain "why plaintiff's objection to the Magistrate's Judge's Report and Recommendation arrived late."

Initially, it is unclear whether the plaintiff has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court views the pleadings of pro se petitioners, <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, the law is clear that § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a state, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Therefore, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, he complains that the defendants lost or mishandled his legal mail in March of 2007. In this regard, however, he does not allege that such mishandling was anything more than mere negligence on the part of prison officials. He does not, for example, dispute the veracity of the assertions contained in the prison's response to his administrative grievance - provided as an attachment to his Complaint - that prison officials received his legal mail in the prison mailroom on March 22,

2007, made a copy of the envelope for internal purposes, and placed same with the United States Postal Service on the same date for delivery to the addressee. Nor does the plaintiff contend that the loss or mishandling of his mail, then or thereafter, was an intentional act by the defendants for the purpose of denying him access to the courts. Under well-settled legal principles, mere negligence is not a basis for liability under § 1983. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Specifically, the Due Process Clause of the United States Constitution is not implicated by a state official's negligent act which causes unintended injury or harm. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Accordingly, even if there was some unspecified negligence committed by prison officials, separate and apart from any delay which may have occurred in the delivery process of the United States Postal Service, the plaintiff fails to state a claim of constitutional dimension with regard to this claim.

The plaintiff also complains that, by the loss or mishandling of his legal mail in March of 2007, which thereby allegedly resulted in the dismissal of his habeas corpus proceeding, the defendants have effectively obstructed his access to the courts. Although not explicitly stated, the gist of this claim is the plaintiff's apparent belief that it was only because the Eastern District Court did not receive his timely-submitted objection to the Magistrate Judge's Report that his habeas corpus application was ultimately dismissed.

The plaintiff's claim in this regard seeks to invoke the provisions of the First Amendment to the United States Constitution. As previously noted, however, the plaintiff has failed to allege any intentional wrongdoing on the part of the defendants. Notwithstanding, and in the alternative, in order for the plaintiff to state a violation of his constitutional right to meaningful access to the courts, he must allege that he has suffered some cognizable legal prejudice or detriment caused by the challenged conduct. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th

Cir. 1987). See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In the instant case, the Court concludes that the plaintiff's claim of legal prejudice is overly speculative and, so, is not cognizable in this Court.

A review of the record in the Eastern District Court[1] reflects that a 21-page Magistrate Judge's Report and Recommendation was entered on March 9, 2007, recommending dismissal of the plaintiff's habeas corpus proceeding. Allowing for the prison mailbox rule set forth in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the plaintiff's objection to the Magistrate Judge's Report, placed in the prison mailing system on March 22, 2007, was apparently timely-filed. Notwithstanding, his pleading was not apparently received by the Eastern District Court until March 28, 2007, the same date upon which the Court entered the Order dismissing the pending proceeding. Pretermitting any question of whether the Court's receipt and consideration of the plaintiff's objection would have impacted upon its analysis and determination in connection with the Magistrate Judge's Recommendation, a question which this Court finds highly speculative, the plaintiff himself had several options available to him upon receipt of the Judgment, and he apparently took none of them. He could, for example, have moved in the District Court for a new trial under Rules 59 or 60 of the Federal Rules of Civil Procedure, seeking reconsideration of the Judgment based upon the Court's failure to consider his timely-submitted objection to the Magistrate Judge's Report. Moreover, he could have filed a Notice of Appeal from the Judgment and pursued this argument and others in the United States Court of Appeals for the Fifth Circuit. Having failed to take advantage of either of these options, there is no way for this Court to determine whether the plaintiff has in fact suffered prejudice and, if so, whether such prejudice was the result of the defendants' actions, the result of actions of the United States Postal Service (not sought to be named as a defendant herein), or the result of the plaintiff's own inaction.

---

[1] A District Court may take judicial notice of the record in prior related proceedings. Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983). The Court hereby takes judicial notice of the plaintiff's habeas corpus proceedings filed in the Eastern District of Louisiana, Herbert Smith v. James LeBlanc, et al., No. 05-CV-02847.

In any event, for the stated reasons, the plaintiff is not entitled to monetary damages from the defendants in this case, and it is this Court's finding that the plaintiff's § 1983 claim should be dismissed.

Finally, the plaintiff seeks an Order from this Court compelling prison officials to notify the Eastern District Court of the defendants' actions and to explain "why plaintiff's objection to the Magistrate Judge's Report and Recommendation arrived late." This claim, however, is in the nature of a claim for mandamus relief. The United States District Court lacks jurisdiction to review actions in the nature of mandamus proceedings, seeking to compel state officers or employees to perform duties owed to the plaintiff. Rothstein v. Montana State Supreme Court, 637 F.Supp. 177 (D.Mont. 1986); 28 U.S.C. § 1361. Moreover, the plaintiff apparently already has in his possession proof that he timely placed his objection to the Magistrate Judge's Report in the prison mailing system. This proof consists of the administrative acknowledgment by prison officials that they received his legal mail in the prison mailroom on March 22, 2007. The plaintiff may himself submit this proof to the Eastern District court or to the appellate court should he wish to do so. Accordingly, this aspect of the plaintiff's claim must be dismissed as well.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

Baton Rouge, Louisiana, this \_\_\_18th\_\_\_ day of April, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE